

CHRISTOPHER VAN GUNDY (SBN 152359)
cvangundy@roll.com
MICHAEL M. VASSEGHI (SBN 210737)
mvasseghi@roll.com
ROLL LAW GROUP PC
11444 West Olympic Boulevard
Los Angeles, California 90064-1557
Telephone:   (310) 966-8400
Facsimile:   (310) 966-8810

Attorneys for
POM WONDERFUL LLC

FILED
CLERK, U.S. DISTRICT COURT
OCT 11 2013
CENTRAL DISTRICT OF CAL...

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| POM WONDERFUL LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>    vs.<br><br>AMERICAN DAIRY QUEEN CORPORATION, a Delaware corporation; ORANGE JULIUS OF AMERICA, a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. CV13-7555 MWF-JC<br><br>**COMPLAINT FOR:**<br>**FEDERAL TRADEMARK INFRINGEMENT; VIOLATION OF THE LANHAM ACT § 43(A); UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 ET SEQ.; CALIFORNIA COMMON LAW UNFAIR COMPETITION.**<br><br>**DEMAND FOR TRIAL BY JURY** |

{076012.3}

COMPLAINT

Plaintiff POM Wonderful LLC hereby alleges as follows:

**PARTIES**

1.      Plaintiff POM Wonderful LLC ("POM") is a Delaware limited liability company with its principal place of business located at 11444 West Olympic Boulevard in Los Angeles, California 90064.  POM produces, markets, sells and distributes pomegranate and pomegranate based products worldwide in connection with its highly distinctive POM® Brand including, but not limited to, fresh fruit, fresh and freeze dried pomegranate arils (seeds), juices, pomegranate juice concentrates, teas, and dietary supplements.

2.      POM is informed and believes that Defendant American Dairy Queen Corporation is a Delaware corporation with its principal place of business at 7505 Metro Boulevard, Suite 500, Minneapolis, Minnesota 55439-0286.  POM is informed and believes that American Dairy Queen Corporation is involved in the manufacture and sale of BERRY-POM, a fruit-based smoothie beverage.

3.      POM is informed and believes that Orange Julius of America is a Delaware corporation with its principal place of business at 7505 Metro Boulevard, Suite 500, Minneapolis, Minnesota 55439-0286.  POM is informed and believes that Orange Julius of America is involved in the manufacture and sale of BERRY-POM, a fruit-based smoothie beverage.  American Dairy Queen Corporation and Orange Julius of America will collectively be referred to as "DQ".

4.      POM is not aware of the true names and capacities of the Defendants identified herein as Does 1 through 10, inclusive, and therefore fictitiously names said Defendants.  POM will amend this Complaint to allege the true names and capacities of these fictitiously named Defendants when their identities are ascertained.

5.      POM is informed and believes, and based thereon alleges, that Defendants DQ and each of the fictitiously named Doe Defendants (collectively, "Defendants") were in some manner responsible for the acts alleged herein and the

1  harm, losses and damages suffered by POM as alleged hereinafter.  POM is also

2  informed and believes, and based thereon alleges, that while participating in such

3  acts, each Defendant was the agent, principal, and/or alter ego of the other

4  Defendants, and was acting in the course and scope of such agency and/or acted

5  with the permission, consent, authorization or ratification of the other Defendants.

6      6.      As described further below, POM is informed and believes, and based

7  thereon alleges, that Defendants conduct business and distribute their products in

8  California, within this Court's jurisdiction in Southern California and in the greater

9  Los Angeles area.

10                          **JURISDICTION AND VENUE**

11      7.      This action arises, in part, under the Lanham Act, as amended, 15

12  U.S.C. §§ 1114 and 1125, California Business and Professions Code § 17200 et

13  seq., and California common law.  This Court has subject matter jurisdiction over

14  this action pursuant to 15 U.S.C. § 1121 (trademark infringement claims under the

15  Lanham Act); 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (original

16  jurisdiction of trademark claims and unfair competition claims related to same) and

17  28 U.S.C. § 1367 (supplemental jurisdiction).

18      8.      POM is informed and believes, and based thereon alleges, that venue is

19  proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1391 (c) because a

20  substantial part of the events giving rise to the claims occurred in this District.

21  Additionally, POM is informed and believes, and based thereon alleges, that the

22  Court has personal jurisdiction over Defendants because Defendants conduct their

23  ordinary business activities in this District, have focused a portion of their unlawful

24  conduct in Los Angeles County within this District, have distributed, and sought to

25  distribute, infringing products in this District, and generally engage in business in

26  this District and the greater Los Angeles area.

27  / / /

28  / / /

# FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

## I.     THE POM® BRAND

9.     POM began producing, selling and marketing its pomegranate products in 2001.

10.     Since 2001, POM has marketed its products in interstate commerce in connection with a family of highly distinctive trademarks which is comprised of, or includes, the term POM (collectively, the "POM® Brand").

11.     The POM® Brand has been used in connection with fresh fruit since 2001, with beverages since 2002, and with concentrated juice extract and related products since 2009.  Attached as Exhibit A are examples of the products POM has sold in connection with its POM® Brand.

12.     POM has invested millions of dollars in the creation, development, production, marketing and sales of the POM® Brand and its products.  The POM® Brand of juice has become the bestselling brand of pomegranate juice in the United States, having sold over 150 million bottles since 2002.

13.     The POM® Brand is a unique food and beverages brand whose name is associated with integrity, quality, purity of taste and naturalness of its products.

## II.     THE POM® BRAND INTELLECTUAL PROPERTY

14.     POM owns numerous trademark registrations and pending applications in the United States and around the world for the trademarks it uses in connection with the marketing, distribution and sale of its POM® Brand products in interstate commerce.  The POM® Brand trademarks are used in connection with various goods including, but not limited to, fresh pomegranate fruit, fresh and freeze-dried arils (pomegranate seeds), pomegranate juice as well as products which contain fruit juice or fruit juice extracts such as teas and dietary supplements.

15.     POM has numerous trademarks registered with the United States Patent and Trademark Office.  The POM registered trademarks include, but are not limited to: POM (Reg. Nos. 2637053); POM & Design (Reg. No. 3047447); POM

1  WONDERFUL (Reg. Nos. 2640835 and 3687491);  POM WONDERFUL &

2  Design (Reg. Nos. 2864641, 2780314 and 3687492); POM TEA (Reg. No.

3  3411595); LIGHT POM TEA (Reg. No. 3391707);  LIGHT POM TEA & Design

4  (Reg. No. 3411596); POM IN A PILL (Reg. No. 3337435); POM IN A PILL &

5  Design (Reg. No. 3332875); POM POWER (Reg. No. 2944481); POMx (Reg. Nos.

6  3562516 and 3674405); POMx & Design (Reg. No. 3562517 and 3791124); POMx

7  SHOTS (Reg. No. 3667882); POMX SHOTS (Reg. No. 3667882); POWERED BY

8  POMx (Reg. No. 3208934); and POMEGRANATE & Design (Reg. No. 3436526)

9  (collectively, the "POM Marks").

10       16.    POM's registrations are valid and subsisting, and POM owns all right,

11  title and interest to the POM Marks.  Registration Nos. 2637053, 2640835, 2780314,

12  2864641 and 3047447 are incontestable pursuant to 15 U.S.C. Section 1065.

13  Attached hereto as Exhibit B are printouts of the registration certificates for the

14  POM Marks.

15       17.    DQ had constructive notice of POM's rights in its federally registered

16  trademarks under 15 U.S.C. Section 1072, which states: "Registration of a mark on

17  the principal register provided by this Act or under the Act of March 3, 1981, or the

18  Act of February 20, 1905, shall be constructive notice of the registrant's claim of

19  ownership thereof."  POM's registered, pending, and common law trademarks

20  constitute a family of marks.

21       18.    DQ also had actual notice of POM's rights when it received POM's

22  letter to DQ advising it of POM's rights on April 9, 2013.

23       19.    POM has devoted a great deal of time, money and resources to develop

24  and market its products in connection with its POM® Brand.  Because of this, there

25  is substantial goodwill associated with the POM Marks and POM® Brand.

26       20.    The POM Marks are used consistently in every product, advertisement,

27  and promotion in connection with POM® Brand products.  POM, its distributors,

28  and its distributors' customers, both nationally and internationally, have

1 continuously and exclusively used the POM Marks to distinguish themselves as the

2 source of goods and services in connection therewith.

3   21.   The POM Marks were custom designed to be distinctive, innovative

4 and recognizable to consumers so that the POM Marks would act as a source-

5 identifier.  Because of this, the POM Marks are inherently distinctive.  In the

6 alternative, because of POM's exclusive and extensive use, the POM Marks have

7 acquired secondary meaning and distinctiveness, becoming extremely well known to

8 the consuming public as identifying and distinguishing POM exclusively and

9 uniquely as the source of products to which the POM® Brand is applied.

10   22.   The POM Marks are widely recognized as a source-identifier for

11 POM® Brand products.  POM has built and owns an extremely valuable goodwill

12 which is symbolized by, and associated with its highly distinctive POM® Brand.

13   23.   POM products are not sold under the POM® Brand alone.  POM not

14 only sells its BRANDED products to the general consuming public, it also sells

15 ingredients such as pomegranate extract, pomegranate juice concentrate and arils to

16 many companies in the food and beverage and dietary supplement industries for

17 inclusion in a variety of products including beverages.  In some instances POM also

18 licenses the use of one or more of the POM Marks for use in connection with the

19 sale of products made using POM's high quality ingredients, including to companies

20 such as Red Mango – a manufacturer and seller of frozen yogurt and smoothies.

21 **III.   MARKETING AND PROMOTION OF THE POM® BRAND**

22   24.   POM pursues direct marketing efforts to grocery, club, gourmet food,

23 other specialty stores as well as restaurants, and other on-premise locations

24 throughout the world.

25   25.   POM also sponsors many events such as the LA Marathon; Nike

26 Women's Marathon; DC Triathlon; the NYC Triathlon; Cart for a Cause (benefiting

27 Meals on Wheels); Best Buddies Challenge (benefiting Best Buddies); GLAAD

28 Media Awards (benefiting Gay and Lesbian Alliance Against Defamation);  and the

{076012.3}

1   New York City Wine and Food Festival (benefiting Share Our Strength).  Attached

2   as Exhibit C are photographs which illustrate some of POM's charitable efforts.

3       26.    POM has invested in the POM® Brand, spending millions of dollars

4   worldwide in the marketing, advertising, sales and promotion of the POM® Brand

5   products.

6       27.    In late 2010, POM began its first television advertisement campaign for

7   the POM® Brand.  POM's television commercials have aired not only in the United

8   States, but also in Canada, France, the United Kingdom and the Netherlands thus

9   far.

10      28.    In the United States, POM's television commercials were featured on

11  networks such as ABC, NBC and CBS and aired during a variety of shows such as

12  Grey's Anatomy, Top Chef and 30 Rock.

13      29.    POM believes that its success is due to the quality, purity and taste of

14  its products and to the highly distinctive, innovative and recognizable POM Marks.

15      30.    The POM® Brand denotes high-quality pomegranate-based products

16  and is a source-identifier of those products.

17  **IV.    DEFENDANTS' "BERRY-POM" BEVERAGE**

18      31.    Notwithstanding POM's rights in the POM Marks, and with

19  constructive and actual notice of POM's rights, Defendants are intentionally and

20  willfully advertising, distributing, and selling a product that infringes the POM

21  Marks.

22      32.    Defendants have sold and continue to sell a drink product called

23  "BERRY-POM", a fruit-based smoothie beverage.  Attached as Exhibit D is a

24  photocopy of an image of the BERRY-POM beverage.

25      33.    Defendants' BERRY-POM beverage infringes the POM Marks by

26  causing a likelihood of confusion with the POM Marks.

27      34.    By copying and using the POM Marks, Defendants are intentionally

28  trading on the substantial goodwill created by POM.  Defendants' use of "POM"

1  with the infringing BERRY-POM beverage creates a likelihood of confusion,

2  mistake, and deception as to Defendants' affiliation, connection, and/or association

3  with POM among consumers and the trade.

4      35.    POM has never authorized or consented to any such use by Defendants

5  of the POM Marks.

6      36.    On information and belief, after due notice from POM Wonderful of

7  the infringement, DQ modified its marketing of the infringing Berry-Pom product in

8  a manner that exacerbates the likelihood of confusion and emphasizes that it is

9  misappropriating the POM brand.   By now including an asterisk after POM® in

10  "Berry-Pom" that refers to the disclaimer "pomegranate flavored", DQ

11  acknowledges that POM® is a source indicator, not a flavor designation.

12  Communicating to its consumers that its Berry-Pom product, like POM Wonderful's

13  products, is pomegranate flavored, does nothing to eliminate confusion as to the

14  source of the product or its ingredients.   Attached as Exhibit D is a true and correct

15  copy of the advertisement found in the Los Angeles Times of September 8, 2013

16  and a printout of the DQ website dated June 26, 2013, reflecting this change.

17      37.    Defendants' unauthorized actions and blatant use of the POM Marks

18  constitute trademark infringement, false designation of origin and unfair competition

19  under the laws of the United States and the State of California.

20  **V.    DEFENDANTS' ACTIONS ARE INTENTIONAL AND WILLFUL**

21      38.    POM is informed and believes, and based thereon alleges, that

22  Defendants intentionally designed their BERRY-POM beverage so as to incorporate

23  the inherently distinctive POM Marks.

24      39.    POM is also informed and believes, and based thereon alleges, that

25  Defendants use the inherently distinctive POM Marks in commerce to intentionally

26  cause a likelihood of confusion between Defendants' infringing product and POM's

27  product, or to cause mistake, or to deceive the relevant public that Defendants'

28  goods or services are authorized, sponsored or approved by or are affiliated with

1 | POM.

2 | 40.     POM is further informed and believes, and based thereon alleges, that

3 | by intentionally misappropriating the POM Marks, Defendants are causing customer

4 | confusion in the marketplace.

5 | 41.     POM is informed and believes, and based thereon alleges, that

6 | Defendants have willfully and knowingly infringed the inherently distinctive POM

7 | Marks with knowledge of POM's rights and in an intentional attempt to target

8 | consumers who are familiar with the POM® Brand by creating the impression of an

9 | association between Defendants and POM or an endorsement by POM of

10 | Defendants' goods.

11 | 42.     The natural, probable and foreseeable result of the intentional, willful

12 | and wrongful conduct of Defendants has been to deprive POM of business and

13 | goodwill, and to injure POM's goodwill, reputation and relationships with existing

14 | and prospective customers by infringing the POM Marks, causing customers to

15 | associate the POM® Brand with the BERRY-POM beverage.

16 | 43.     POM is further informed and believes, and based thereon alleges, that it

17 | has lost or will lose revenues from the sale of the inherently distinctive POM®

18 | products and potential revenue from licensing and co-branding opportunities  and

19 | has sustained and will sustain damages as a result of Defendants' wrongful conduct

20 | in selling, marketing and distributing the infringing BERRY-POM beverage.

21 | 44.     POM is further informed and believes, and based thereon alleges, that

22 | Defendants have been unjustly enriched by their sale and marketing of the infringing

23 | BERRY-POM beverage.

24 | 45.     Defendants' conduct is the result of willful and wanton disregard of

25 | POM's established and superior rights.  Defendants adopted and used, and continue

26 | to use, the POM Marks without authorization and with full knowledge of POM's

27 | superior rights and despite having been put on notice.  POM has suffered, and will

28 | continue to suffer, irreparable injury as a result of Defendants' unlawful actions and

1  has no adequate remedy at law.  POM is therefore entitled to injunctive relief.

2  ### **FIRST CLAIM FOR RELIEF**

3  **(Trademark Infringement Pursuant to 15 U.S.C. § 1114)**

4  46.   POM incorporates by reference Paragraphs 1 through 45 above as

5  though fully set forth herein.

6  47.   Defendants' BERRY-POM beverage infringes the POM Marks because

7  their use of the POM Marks as part of their product's name, is likely to cause

8  confusion, mistake, and deception with respect to the POM Marks.

9  48.   Defendants' imitation, copying, and unauthorized use in commerce of

10  POM's federally registered trademarks is likely to cause confusion, mistake, or to

11  deceive the consuming public and trade by creating the erroneous impression that

12  Defendants' products have been manufactured, approved, sponsored, endorsed, or

13  guaranteed by, or are in some way affiliated with POM.

14  49.   The imitation, copying, and unauthorized use of the POM Marks causes

15  irreparable injury to POM, including injury to its business reputation and the

16  goodwill associated with the POM Marks.

17  50.   By reason of the foregoing, Defendants have infringed POM's

18  trademarks and have violated, and are continuing to violate, 15 U.S.C. Section 1114.

19  51.   POM has no adequate remedy at law for these injuries.  Moreover,

20  unless Defendants are restrained by this Court from continuing this imitation,

21  copying and unauthorized use of the POM Marks, these injuries will continue to

22  occur.  POM is entitled to an injunction restraining Defendants, their officers,

23  agents, distributors and employees, and all persons acting in concert with them,

24  from engaging in such further acts in violation of 15 U.S.C. Section 1116.

25  52.   By reason of Defendants' willful acts of trademark infringement, POM

26  is entitled to damages it has sustained and will sustain, and to have those damages

27  trebled pursuant to 15 U.S.C. Section 1117.

28  53.   This is an exceptional case making POM eligible for an award of

1  attorneys' fees under 15 U.S.C. Section 1117.

2      54.    POM is further entitled to recover from Defendants any gains, profits

3  and advantages unfairly obtained by Defendants as a result of their acts of

4  infringement alleged herein.  At present, the amount of any gains, profits and

5  advantages cannot be fully ascertained by POM.  POM is unable to ascertain the full

6  extent of the monetary damages suffered by reason of Defendants' acts at this time.

7              **SECOND CLAIM FOR RELIEF**

8  **(Trademark Infringement and False Designation of Origin Pursuant to 15
   U.S.C. § 1125(a))**

9

10     55.    POM incorporates by reference Paragraphs 1 through 54 above as

11 though fully set forth herein.

12     56.    Defendants' infringing BERRY-POM beverage infringes the POM

13 Marks, and Defendants are falsely designating the origin of their brand because the

14 use of the POM Marks as part of their product's name is likely to cause confusion,

15 mistake, and deception with respect to the POM Marks.

16     57.    Defendants' use of POM as part of its product name has confused and

17 is likely to continue to cause confusion or to cause mistake, or to deceive the

18 consuming public into believing that Defendants' goods or services are authorized,

19 sponsored or approved by or are affiliated with POM.

20     58.    These acts constitute trademark infringement of the POM Marks and

21 false designation of origin in violation of 15 U.S.C. Section 1125(a), entitling POM

22 to relief.

23     59.    By reason of Defendants' acts, POM is, and will continue to be,

24 irreparably harmed if Defendants' conduct is not enjoined.  POM's remedy at law is

25 not adequate to compensate it for the injuries inflicted, and POM is therefore

26 entitled to injunctive relief pursuant to 15 U.S.C. Section 1116.

27     60.    The above-described acts of Defendants have irreparably harmed and,

28 if not enjoined, will continue to irreparably harm the general public, which has an

1   interest in being free from confusion, mistake and deception.

2       61.    Defendants have unfairly profited from the actions alleged and POM is

3   therefore entitled to recover from Defendants the damages sustained as a result of

4   Defendants' acts in violation of 15 U.S.C. Section 1125(a).  At present, POM is

5   unable to ascertain the full extent of the monetary damages suffered by reason of

6   Defendants' acts.

7       62.    Further, because of the willful nature of Defendants' acts, POM is

8   entitled to damages and to have those damages trebled pursuant to 15 U.S.C. Section

9   1117.

10      63.    This is an exceptional case making POM eligible for an award of

11  attorneys' fees pursuant to 15 U.S.C. Section 1117.

12                        **THIRD CLAIM FOR RELIEF**

13  **(Unfair Competition and Unfair Business Practices Pursuant to Cal. Bus. &**
    **Prof. Code §§ 17200, 17500 et seq.)**
14

15      64.    POM incorporates by reference Paragraphs 1 through 63 above as

16  though fully set forth herein.

17      65.    Defendants' willful, knowing and unauthorized promotion,

18  advertisement, sale and offering for sale of infringing goods, causing confusion as to

19  the source of the goods and causing harm to POM's goodwill, consist of untrue and

20  misleading statements and constitute an unlawful appropriation of POM's exclusive

21  rights in its POM Marks as outlined herein.

22      66.    Defendants have unlawfully appropriated POM's exclusive rights in its

23  POM Marks, infringing on POM's rights because, like POM does on its products,

24  Defendants use of the term POM as part of their product name infringes the POM

25  Marks.

26      67.    By selling and offering for sale infringing goods and services,

27  Defendants are in violation of POM's proprietary rights.  Their conduct thereby

28  constitutes unlawful, unfair, deceptive and/or fraudulent trade practices and unfair

1  competition in violation of California Business & Professions Code Sections 17200,

2  17500 et seq.  The predicate acts comprising Defendants' unlawful, unfair,

3  deceptive and/or fraudulent trade practices or acts include, but are not limited to, the

4  violations of law more fully set forth herein, specifically violations of 15 U.S.C. §§

5  1114 and 1125 has caused POM to lose money by means of the unlawful conduct.

6      68.    As a direct and proximate result of Defendants' wrongful conduct,

7  POM has suffered injury in fact, which losses include damage to POM's goodwill

8  with its existing, former and potential customers and actual confusion between

9  Defendants' infringing products and POM's® Brand of products.

10     69.    These wrongful acts have proximately caused and will continue to

11  cause POM substantial injury, including loss of customers, loss of goodwill, and

12  confusion of existing and potential customers of POM's products.  The harm these

13  wrongful acts will cause to POM is both imminent and irreparable, and the amount

14  of damage sustained by POM will be impossible to ascertain if these acts continue.

15  As such, POM has no adequate remedy at law.

16     70.    Pursuant to California Business & Professions Code Section 17203,

17  Defendants are required to disgorge and restore to POM all profits and property

18  acquired by means of Defendants' unfair competition with POM.

19     71.    Pursuant to California Business & Professions Code Section 17203,

20  POM is also entitled to a preliminary and permanent injunction restraining

21  Defendants, their respective officers, agents, employees, distributors and all persons

22  acting in concert with them, from engaging in further such unlawful conduct.

23              **FOURTH CLAIM FOR RELIEF**

24     **(Violation of California Common Law Unfair Competition)**

25     72.    POM incorporates Paragraphs 1 through 71 above as though set forth

26  fully herein.

27     73.    As set forth above, Defendants' willful, knowing and unauthorized

28  promotion, advertisement, sale and offering for sale of infringing goods, causing

{076012.3}                               12
                        COMPLAINT

1  confusion as to the source of the goods and causing harm to POM's goodwill,

2  consist of untrue and misleading statements and constitute an unlawful appropriation

3  of POM's exclusive rights in its POM Marks and constitutes unfair competition

4  under California common law.

5       74.    Defendants have unlawfully appropriated POM's exclusive rights in its

6  POM Marks, infringing on POM's rights.

7       75.    By reason of Defendants' conduct, POM has sustained and will

8  continue to sustain substantial injury, loss, and damage, as set forth above.

9       76.    Further irreparable harm and injury to POM is imminent as a result of

10  Defendants' conduct, and POM is without an adequate remedy at law.

11       77.    POM is therefore entitled to an injunction restraining Defendants, their

12  agents, employees, representatives, distributors and all persons acting in concert

13  with them, from engaging in further acts of unfair competition.

14       78.    POM is further entitled to recover from Defendants the damages

15  sustained by POM as a result of Defendants' acts of unfair competition.  POM is at

16  present unable to ascertain the full extent of the monetary damages it has suffered by

17  reason of Defendants' acts of unfair competition.

18       79.    Finally, POM is informed and believes, and based thereon alleges, that

19  Defendants' conduct has been intentional and willful and in conscious disregard of

20  POM's rights and, therefore, POM is entitled to exemplary or punitive damages

21  under California Civil Code Section 3294 in an amount appropriate to punish

22  Defendants and to make an example of Defendants to the community at large.

23                          **PRAYER FOR RELIEF**

24       WHEREFORE, POM prays for judgment against Defendants as follows:

25       1.    That the Court enter judgment against each Defendant that:

26            a.    Defendants infringed the rights of POM in their federally

27  registered trademarks in violation of 15 U.S.C. Section 1114;

28            b.    Defendants infringed POM's rights in the POM Marks in

1   violation of 15 U.S.C. Section 1125;

2            c.   Defendants engaged in unfair competition and deceptive acts and

3   practices in violation of California Business & Professions Code Sections 17200,

4   17500, et seq.;

5            d.   Defendants engaged in unfair competition and deceptive acts and

6   practices in violation of California common law;

7            e.   That the Court enter judgment against each Defendant that the

8   above acts, 1(a)-(e), were willful and intentional, making this an exceptional case;

9       2.   That the Court issue a preliminary and permanent injunction enjoining

10   and restraining Defendants and their agents, employees, successors, assigns and all

11   other persons acting in concert or in conspiracy with or affiliated with Defendants

12   from:

13            a.   Engaging in any infringing activity including advertising,

14   promoting, marketing, franchising, distributing, selling, and offering for sale any

15   goods or services in connection with the infringing product identified herein or any

16   product or mark similar to the POM Marks in any media, whether in person, in print

17   or by electronic or digital means including but not limited to newspapers,

18   magazines, bus shelters, billboards as well as via the Internet, including but not

19   limited to, company websites, promotional websites, social media websites,

20   YouTube or other video-related websites, food reviewing websites, blogs, email,

21   SMS and the like; and

22            b.   Requiring Defendants to deliver up to POM for destruction any

23   and all packaging, advertising and promotional materials in Defendants' possession,

24   custody or control which contain the infringing products, marks, and/or designs, and

25   any and all infringing products in their possession, custody or control which include

26   the POM Marks.

27       3.   That the Court issue an Order at the conclusion of the present matter

28   that all infringing products be recalled, seized, impounded and destroyed.

1   4. That POM be awarded damages for Defendants' trademark

2 infringement, and for unfair competition under California common law.

3   5. That POM be awarded all profits and restitution resulting from

4 Defendants' infringement of POM's rights and by means of Defendants' unfair

5 competition with POM.

6   6. That Defendants be ordered to account for and disgorge to POM all

7 amounts by which Defendants have been unjustly enriched by reason of the

8 unlawful acts complained of.

9   7. That damages resulting from Defendants' infringement under the

10 Lanham Act be trebled due to Defendants' willfulness in accordance with the

11 provisions of 15 U.S.C. Section 1117.

12   8. That POM be awarded exemplary or punitive damages in an amount

13 appropriate to punish Defendants and to make an example of the Defendants to the

14 community.

15   9. That, at POM's election, POM be awarded an amount sufficient to

16 reimburse POM for the costs of corrective advertising.

17   10. For pre-judgment interest on all infringement and other appropriate

18 damages.

19   11. That the Court award POM its reasonable attorneys' fees pursuant to 15

20 U.S.C. § 1117, 17 U.S.C. Section 505, California law, and any other applicable

21 provision of law.

22   12. That the Court award POM its costs of suit incurred herein.

23 //

24 //

25 //

26 //

27 //

28 //

13.   For such other or further relief as the Court may deem just and proper.

DATED:  October 11, 2013           ROLL LAW GROUP PC

By:   _____
      Michael M. Vasseghi
      Attorneys for POMWONDERFUL LLC

## DEMAND FOR JURY TRIAL

Plaintiff POM Wonderful LLC hereby demands a jury trial in connection with this action.

DATED:  October 11, 2013           ROLL LAW GROUP PC

By:   _____
      Michael M. Vasseghi
      Attorneys for POMWONDERFUL LLC

{076012.3}

16

# Exhibit A









 





Pg. 21







# Exhibit B

**Int. Cl.: 32**

**Prior U.S. Cls.: 45, 46, and 48**

**United States Patent and Trademark Office**

**Reg. No. 2,637,053**
Registered Oct. 15, 2002

## TRADEMARK
### PRINCIPAL REGISTER

## POM

POM WONDERFUL LLC (DELAWARE LIMITED LIABILITY COMPANY)

11444 W. OLYMPIC BLVD.

LOS ANGELES, CA 90064 BY CHANGE OF NAME PARAMOUNT JUICE COMPANY LLC (DELAWARE LIMITED LIABILITY COMPANY) LOS ANGELES, CA 90064

FOR: FRUIT JUICES, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 4-11-2002; IN COMMERCE 4-11-2002.

SN 76-245,687, FILED 4-24-2001.

CHRISTOPHER LAW, EXAMINING ATTORNEY

Int. Cls.: 31 and 32

Prior U.S. Cls.: 1, 45, 46 and 48

**United States Patent and Trademark Office**

Reg. No. 3,047,447
Registered Jan. 24, 2006

**TRADEMARK**
**PRINCIPAL REGISTER**



POM WONDERFUL LLC (DELAWARE LTD LIAB CO)
11444 WEST OLYMPIC BOULEVARD
10TH FLOOR
LOS ANGELES, CA 90064

FOR: FRESH FRUITS, IN CLASS 31 (U.S. CLS. 1 AND 46).

FIRST USE 10-15-2001; IN COMMERCE 10-15-2001.

FOR: FRUIT JUICES AND FRUIT JUICE CONCENTRATES, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 9-16-2002; IN COMMERCE 1-13-2003.

THE MARK CONTAINS THE WORD POM WITH A HEART DESIGN IN PLACE OF THE LETTER "O".

SER. NO. 76-553,991, FILED 10-6-2003.

KATHRYN COWARD, EXAMINING ATTORNEY

**Int. Cl.: 31**

**Prior U.S. Cls.: 1 and 46**

**Reg. No. 2,640,835**

## United States Patent and Trademark Office

**Registered Oct. 22, 2002**

## TRADEMARK
### PRINCIPAL REGISTER

## POM WONDERFUL

POM WONDERFUL LLC (DELAWARE LIMITED LIABILITY COMPANY)

11444 W. OLYMPIC BLVD.

LOS ANGELES, CA 90064 BY CHANGE OF NAME PARAMOUNT JUICE COMPANY LLC (DELA-WARE LIMITED LIABILITY COMPANY) LOS ANGELES, CA 90064

FOR: FRESH FRUITS, IN CLASS 31 (U.S. CLS. 1 AND 46).

FIRST USE 4-11-2002; IN COMMERCE 4-11-2002.

SN 76-244,362, FILED 4-19-2001.

CHRISTOPHER LAW, EXAMINING ATTORNEY

# United States of America

## United States Patent and Trademark Office

# POM WONDERFUL

**Reg. No. 3,687,491**
Registered Sep. 22, 2009

**Int. Cls.: 5, 29, 30, and 32**

**TRADEMARK**
**PRINCIPAL REGISTER**

POMWONDERFUL LLC (DELAWARE LIMITED LIABILITY COMPANY)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: FOOD, DIETARY AND NUTRITIONAL SUPPLEMENTS, INCLUDING ANTIOXIDANT SUPPLEMENTS AND SUPPLEMENTS DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRACEUTICALS FOR USE AS A DIETARY SUPPLEMENT, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; ANTI-CANCER PREPARATIONS; PHARMACEUTICAL PRODUCTS AND PREPARATIONS, INCLUDING PREPARATIONS DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, FOR THE TREATMENT OF VIRAL AND INFECTIOUS DISEASES, INCLUDING FOR THE TREATMENT OF CANCER, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 5-0-2007; IN COMMERCE 5-0-2007.

FOR: FROZEN FRUITS, IN CLASS 29 (U.S. CL. 46).

FIRST USE 6-0-2006; IN COMMERCE 6-0-2006.

FOR: TOPPING SYRUP; ICED TEA AND TEA-BASED BEVERAGES WITH FRUIT FLAVORING, IN CLASS 30 (U.S. CL. 46).

FIRST USE 2-1-2006; IN COMMERCE 3-6-2006.

FOR: NON-ALCOHOLIC FRUIT EXTRACTS USED IN THE PREPARATION OF BEVERAGES; PREPARATIONS FOR MAKING FRUIT DRINKS; FRUIT FLAVORED BEVERAGES; NON-ALCOHOLIC BEVERAGES CONTAINING FRUIT JUICES; SMOOTHIES; BOTTLED WATER; NON-ALCOHOLIC BEVERAGES WITH TEA FLAVOR; LOW CALORIE FRUIT FLAVORED BEVERAGES; LOW CALORIE FRUIT JUICE DRINKS; LOW CALORIE TEA FLAVORED BEVERAGES, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 6-30-2004; IN COMMERCE 6-30-2004.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,637,053, 2,960,193, AND OTHERS.

SN 78-628,764, FILED 5-12-2005.

PAUL E. FAHRENKOPF, EXAMINING ATTORNEY

*David J. Kappos*

Director of the United States Patent and Trademark Office

Int. Cls.: **31 and 32**

Prior U.S. Cls.: **1, 45, 46 and 48**

**United States Patent and Trademark Office**

Reg. No. **2,864,641**
Registered July 20, 2004

## TRADEMARK
### PRINCIPAL REGISTER



POM WONDERFUL LLC (DELAWARE LTD LIAB CO)
11444 WEST OLYMPIC BOULEVARD
10TH FLOOR
LOS ANGELES, CA 90064

FOR: FRESH FRUITS, IN CLASS 31 (U.S. CLS. 1 AND 46).

FIRST USE 10-15-2001; IN COMMERCE 10-15-2001.

FOR: FRUIT JUICES AND FRUIT JUICE CONCENTRATES, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 9-16-2002; IN COMMERCE 1-13-2003.

OWNER OF U.S. REG. NOS. 2,637,053, 2,780,314 AND OTHERS.

THE MARK CONTAINS THE WORDS POM WONDERFUL, WITH A HEART DESIGN IN PLACE OF THE LETTER "O" IN THE WORD "POM".

SER. NO. 76-534,468, FILED 8-4-2003.

BARBARA GAYNOR, EXAMINING ATTORNEY

**Int. Cls.: 31 and 32**

**Prior U.S. Cls.: 1, 45, 46, and 48**

## United States Patent and Trademark Office

**Reg. No. 2,780,314**

Registered Nov. 4, 2003

### TRADEMARK
### PRINCIPAL REGISTER



POM WONDERFUL LLC (DELAWARE LIMITED
   LIABILITY COMPANY)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

   FOR: FRESH FRUITS, IN CLASS 31 (U.S. CLS. 1
AND 46).

   FIRST USE 10-15-2001; IN COMMERCE 10-15-2001.

   FOR: FRUIT JUICES AND FRUIT JUICE CON-
CENTRATES, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

   FIRST USE 10-15-2001; IN COMMERCE 10-15-2001.

   THE MARK CONTAINS THE WORD "POM",
AND THE WORD "WONDERFUL" IN RED, THE
SAME RED SHADE OF WHICH IS ALSO WITHIN
THE HEART OF THE "POM".

   SN 76-347,919, FILED 12-11-2001.

   MARK T. MULLEN, EXAMINING ATTORNEY

# United States of America

### United States Patent and Trademark Office

# P♡M
# WONDERFUL

**Reg. No. 3,687,492**
Registered Sep. 22, 2009

**Int. Cls.: 5, 29, 30, and 32**

**TRADEMARK**
**PRINCIPAL REGISTER**

POMWONDERFUL LLC (DELAWARE LIMITED LIABILITY COMPANY)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: FOOD, DIETARY AND NUTRITIONAL SUPPLEMENTS, INCLUDING ANTIOXIDANT SUPPLEMENTS AND SUPPLEMENTS DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRACEUTICALS FOR USE AS A DIETARY SUPPLEMENT, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; ANTI-CANCER PREPARATIONS; PHARMACEUTICAL PRODUCTS AND PREPARATIONS, INCLUDING PREPARATIONS DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, FOR THE TREATMENT OF VIRAL AND INFECTIOUS DISEASES, INCLUDING FOR THE TREATMENT OF CANCER, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 5-0-2007; IN COMMERCE 5-0-2007.

FOR: FROZEN FRUITS, IN CLASS 29 (U.S. CL. 46).

FIRST USE 6-0-2006; IN COMMERCE 6-0-2006.

FOR: TOPPING SYRUP; ICED TEA AND TEA-BASED BEVERAGES WITH FRUIT FLAVORING, IN CLASS 30 (U.S. CL. 46).

FIRST USE 2-1-2006; IN COMMERCE 3-6-2006.

FOR: NON-ALCOHOLIC FRUIT EXTRACTS USED IN THE PREPARATION OF BEVERAGES; PREPARATIONS FOR MAKING FRUIT DRINKS; FRUIT FLAVORED BEVERAGES; NON-ALCOHOLIC BEVERAGES CONTAINING FRUIT JUICES; SMOOTHIES; NON-ALCOHOLIC BEVERAGES WITH TEA FLAVOR; LOW CALORIE FRUIT FLAVORED BEVERAGES; LOW CALORIE FRUIT JUICE DRINKS; LOW CALORIE TEA FLAVORED BEVERAGES, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 6-30-2004; IN COMMERCE 6-30-2004.

OWNER OF U.S. REG. NOS. 2,637,053, 2,960,193, AND OTHERS.

THE MARK CONSISTS OF THE WORDS "POM WONDERFUL", WITH A HEART DESIGN IN PLACE OF THE LETTER "O" IN THE WORD "POM".



*David J. Kappos*

Director of the United States Patent and Trademark Office

**Pg. 31**

**Reg. No. 3,687,492** SN 78-628,813, FILED 5-12-2005.

PAUL E. FAHRENKOPF, EXAMINING ATTORNEY

Int. Cls.: 30 and 32

Prior U.S. Cls.: 45, 46 and 48

**United States Patent and Trademark Office**

Reg. No. 3,411,595

Registered Apr. 15, 2008

## TRADEMARK
### PRINCIPAL REGISTER

# POM TEA

POMWONDERFUL LLC (DELAWARE LTD LIAB CO)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: ICED TEAS AND TEA-BASED BEVERAGES WITH POMEGRANATE FLAVORING, IN CLASS 30 (U.S. CL. 46).

FIRST USE 2-1-2006; IN COMMERCE 3-6-2006.

FOR: NON-ALCOHOLIC FRUIT EXTRACTS USED IN THE PREPARATION OF BEVERAGES, PREPARATIONS FOR MAKING FRUIT DRINKS, FRUIT FLAVORED BEVERAGES, NON-ALCOHOLIC BEVERAGES CONTAINING FRUIT JUICES, NON-ALCOHOLIC BEVERAGES WITH TEA FLAVOR, LOW CALORIE FRUIT FLAVORED BEVERAGES, LOW CALORIE TEA FLAVORED BEVERAGES, ALL MADE IN WHOLE OR SIGNIFI-

CANT PART OF POMEGRANATE JUICE, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 2-1-2006; IN COMMERCE 3-6-2006.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,637,053, 3,047,447 AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "TEA", APART FROM THE MARK AS SHOWN.

SER. NO. 77-249,106, FILED 8-7-2007.

BRIAN CALLAGHAN, EXAMINING ATTORNEY

Int. Cls.: 30 and 32

Prior U.S. Cls.: 45, 46 and 48

**United States Patent and Trademark Office**

Reg. No. 3,391,707
Registered Mar. 4, 2008

## TRADEMARK
### PRINCIPAL REGISTER

# LIGHT POM TEA

POM WONDERFUL LLC (DELAWARE LTD LIAB CO)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: ICED TEAS AND TEA-BASED BEVERAGES WITH POMEGRANATE FLAVORING, IN CLASS 30 (U.S. CL. 46).

FIRST USE 6-25-2007; IN COMMERCE 6-25-2007.

FOR: NON-ALCOHOLIC FRUIT EXTRACTS USED IN THE PREPARATION OF BEVERAGES, PREPARATIONS FOR MAKING FRUIT DRINKS, FRUIT FLAVORED BEVERAGES, NON-ALCOHOL-IC BEVERAGES CONTAINING FRUIT JUICES, NON-ALCOHOLIC BEVERAGES WITH TEA FLA-VOR, LOW CALORIE FRUIT FLAVORED BEVERA-GES, LOW CALORIE TEA FLAVORED BEVERAGES, ALL MADE IN WHOLE OR SIGNIFI-

CANT PART OF POMEGRANATE JUICE, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 6-25-2007; IN COMMERCE 6-25-2007.

THE MARK CONSISTS OF STANDARD CHAR-ACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,637,053, 3,047,447 AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "LIGHT" OR "TEA", APART FROM THE MARK AS SHOWN.

SER. NO. 77-249,295, FILED 8-7-2007.

BRIAN CALLAGHAN, EXAMINING ATTORNEY

Int. Cls.: 30 and 32

Prior U.S. Cls.: 45, 46 and 48

**United States Patent and Trademark Office**

Reg. No. 3,411,596
Registered Apr. 15, 2008

**TRADEMARK**
**PRINCIPAL REGISTER**



POMWONDERFUL LLC (DELAWARE LTD LIAB CO)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: ICED TEAS AND TEA-BASED BEVERAGES WITH POMEGRANATE FLAVORING, IN CLASS 30 (U.S. CL. 46).

FIRST USE 6-25-2007; IN COMMERCE 6-25-2007.

FOR: NON-ALCOHOLIC FRUIT EXTRACTS USED IN THE PREPARATION OF BEVERAGES, PREPARATIONS FOR MAKING FRUIT DRINKS, FRUIT FLAVORED BEVERAGES, NON-ALCOHOL-IC BEVERAGES CONTAINING FRUIT JUICES, NON-ALCOHOLIC BEVERAGES WITH TEA FLA-VOR, LOW CALORIE FRUIT FLAVORED BEVERA-GES, LOW CALORIE TEA FLAVORED BEVERAGES, ALL MADE IN WHOLE OR SIGNIFI-CANT PART OF POMEGRANATE JUICE, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 6-25-2007; IN COMMERCE 6-25-2007.

OWNER OF U.S. REG. NOS. 2,637,053, 3,047,447 AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "LIGHT" OR "TEA", APART FROM THE MARK AS SHOWN.

SER. NO. 77-249,299, FILED 8-7-2007.

BRIAN CALLAGHAN, EXAMINING ATTORNEY

Int. Cls.: 1 and 5

Prior U.S. Cls.: 1, 5, 6, 10, 18, 26, 44, 46, 51, and 52

## United States Patent and Trademark Office

Reg. No. 3,337,435
Registered Nov. 13, 2007

### TRADEMARK
### PRINCIPAL REGISTER

# POM IN A PILL

POMWONDERFUL LLC (DELAWARE LTD LIAB CO)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: BOTANICAL EXTRACTS, INCLUDING POMEGRANATE EXTRACTS, FOR USE IN THE PREPARATION OF PHARMACEUTICAL PRODUCTS AND PREPARATIONS , IN CLASS 1 (U.S. CLS. 1, 5, 6, 10, 26 AND 46).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

FOR: FOOD, DIETARY AND NUTRITIONAL SUPPLEMENTS, INCLUDING ANTIOXIDANT SUPPLEMENTS AND SUPPLEMENTS DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRACEUTICALS FOR USE AS A DIETARY SUPPLEMENT, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRITIONAL ADDITIVES FOR USE IN FOODS, INCLUDING ANTIOXIDANT ADDITIVES AND ADDITIVES DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; ANTI-CANCER PREPARATIONS; PHARMACEUTICAL PRODUCTS AND PREPARATIONS, INCLUDING PREPARATIONS DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, FOR THE TREATMENT OF VIRAL AND INFECTIOUS DISEASES, INCLUDING FOR THE TREATMENT OF CANCER, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 78-961,648, FILED 8-28-2006.

JAMES MACFARLANE, EXAMINING ATTORNEY

Int. Cls.: **1 and 5**

Prior U.S. Cls.: **1, 5, 6, 10, 18, 26, 44, 46, 51, and 52**

**United States Patent and Trademark Office**

Reg. No. **3,332,875**
Registered Nov. 6, 2007

## TRADEMARK
### PRINCIPAL REGISTER



POMWONDERFUL LLC (DELAWARE LTD LIAB CO)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: BOTANICAL EXTRACTS, INCLUDING POMEGRANATE EXTRACTS, FOR USE IN THE PREPARATION OF PHARMACEUTICAL PRODUCTS AND PREPARATIONS , IN CLASS 1 (U.S. CLS. 1, 5, 6, 10, 26 AND 46).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

FOR: FOOD, DIETARY AND NUTRITIONAL SUPPLEMENTS, INCLUDING ANTIOXIDANT SUPPLEMENTS AND SUPPLEMENTS DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRACEUTICALS FOR USE AS A DIETARY SUPPLEMENT, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRITIONAL ADDITIVES FOR USE IN FOODS, INCLUDING ANTIOXIDANT ADDITIVES AND ADDITIVES DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; ANTI-CANCER PREPARATIONS; PHARMACEUTICAL PRODUCTS AND PREPARATIONS, INCLUDING PREPARATIONS DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, FOR THE TREATMENT OF VIRAL AND INFECTIOUS DISEASES, INCLUDING FOR THE TREATMENT OF CANCER, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

THE MARK CONSISTS OF THE WORD POM WITH A HEART DESIGN IN PLACE OF THE LETTER O.

SN 78-969,991, FILED 9-8-2006.

JENNY PARK, EXAMINING ATTORNEY

Int. Cl.: 32

Prior U.S. Cls.: 45, 46, and 48

## United States Patent and Trademark Office

**Reg. No. 2,944,481**
Registered Apr. 26, 2005

## TRADEMARK
### PRINCIPAL REGISTER

## POM POWER

POMWONDERFUL LLC (DELAWARE LTD LIAB
CO)
11444 WEST OLYMPIC BOULEVARD
10TH FLOOR
LOS ANGELES, CA 90064

FOR: FRUIT SMOOTHIES, IN CLASS 32 (U.S. CLS.
45, 46 AND 48).

FIRST USE 2-10-2003; IN COMMERCE 5-3-2003.

OWNER OF U.S. REG. NOS. 2,637,053, 2,644,365,
AND OTHERS.

SN 76-486,863, FILED 2-3-2003.

TRACY WHITAKER-BOWN, EXAMINING ATTOR-
NEY

Int. Cls.: 5 and 29

Prior U.S. Cls.: 6, 18, 44, 46, 51, and 52

## United States Patent and Trademark Office

Reg. No. 3,674,405
Registered Aug. 25, 2009

## TRADEMARK
## PRINCIPAL REGISTER

# POMx

POMWONDERFUL LLC (DELAWARE LIMITED LIABILITY COMPANY)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: NUTRITION BARS FOR USE AS A FUNCTIONAL FOOD DESIGNED TO PROVIDE SPECIFIC HEALTH BENEFITS, NAMELY, NUTRITION BARS FOR USE AS A MEAL REPLACEMENT AND NUTRITION BARS FOR USE AS A DIETARY SUPPLEMENT, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 4-27-2009; IN COMMERCE 4-27-2009.

FOR: NUTRITION BARS FOR USE AS A FUNCTIONAL FOOD DESIGNED TO PROVIDE SPECIFIC HEALTH BENEFITS, NAMELY, NUTRITIONAL FRUIT AND NUT BASED ENERGY AND SNACK FOOD BARS; FRUIT AND NUT BASED SNACK BARS, IN CLASS 29 (U.S. CL. 46).

FIRST USE 4-27-2009; IN COMMERCE 4-27-2009.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 77-611,932, FILED 11-11-2008.

JANICE KIM, EXAMINING ATTORNEY

Int. Cls.: 1, 5, 30, and 32

Prior U.S. Cls.: 1, 5, 6, 10, 18, 26, 44, 45, 46, 48, 51, and 52

**United States Patent and Trademark Office**

Reg. No. 3,562,517
Registered Jan. 13, 2009

## TRADEMARK
## PRINCIPAL REGISTER



POMWONDERFUL LLC (DELAWARE LIMITED LIABILITY COMPANY)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: BOTANICAL EXTRACTS, INCLUDING POMEGRANATE EXTRACTS, FOR USE IN THE PREPARATION OF PHARMACEUTICAL PRODUCTS AND PREPARATIONS; BOTANICAL EXTRACTS, INCLUDING POMEGRANATE EXTRACTS, FOR USE IN THE PREPARATION OF COSMETIC AND SKIN CARE PRODUCTS, IN CLASS 1 (U.S. CLS. 1, 5, 6, 10, 26 AND 46).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

FOR: FOOD, DIETARY AND NUTRITIONAL SUPPLEMENTS, INCLUDING ANTIOXIDANT SUPPLEMENTS AND SUPPLEMENTS DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRACEUTICALS FOR USE AS A DIETARY SUPPLEMENT, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRITIONAL ADDITIVES FOR USE IN FOODS, INCLUDING ANTIOXIDANT ADDITIVES AND ADDITIVES DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRITIONALLY FORTIFIED BEVERAGES; ANTI-CANCER PREPARATIONS; PHARMACEUTICAL PRODUCTS AND PREPARATIONS, INCLUDING PREPARATIONS DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, FOR THE TREATMENT OF VIRAL AND INFECTIOUS DISEASES, INCLUDING FOR THE TREATMENT OF CANCER; DRUG DELIVERY AGENTS CONSISTING OF COMPOUNDS THAT FACILITATE DELIVERY OF PHARMACEUTICALS; NUTRITIONALLY ENHANCED WATER; VITAMIN ENHANCED WATER, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

FOR: POMEGRANATE EXTRACTS FOR USE AS AN INGREDIENT IN FOOD PRODUCTS, IN CLASS 30 (U.S. CL. 46).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

FOR: NON-ALCOHOLIC FRUIT EXTRACTS USED IN THE PREPARATION OF BEVERAGES; POMEGRANATE EXTRACTS FOR USE AS AN INGREDIENT IN BEVERAGES, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 3-6-2006; IN COMMERCE 3-6-2006.

OWNER OF U.S. REG. NOS. 2,637,053, 2,960,193, AND OTHERS.

THE MARK CONSISTS OF THE WORD "POMX", WITH A HEART DESIGN IN PLACE OF THE LETTER "O" IN THE WORD "POM" AND WITH A SUBSCRIPT LETTER "X" CONNECTED TO THE LETTER "M" IN THE WORD "POM".

SN 78-664,836, FILED 7-6-2005.

PAUL E. FAHRENKOPF, EXAMINING ATTORNEY

# United States of America

## United States Patent and Trademark Office



**Reg. No. 3,791,124**

**Registered May 18, 2010**

**Int. Cls.: 5 and 29**

**TRADEMARK**

**PRINCIPAL REGISTER**

POMWONDERFUL LLC (DELAWARE LIMITED LIABILITY COMPANY)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: NUTRITION BARS FOR USE AS A FUNCTIONAL FOOD DESIGNED TO PROVIDE SPECIFIC HEALTH BENEFITS, NAMELY, NUTRITION BARS FOR USE AS A MEAL RE-PLACEMENT AND NUTRITION BARS FOR USE AS A DIETARY SUPPLEMENT, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 4-27-2009; IN COMMERCE 4-27-2009.

FOR: NUTRITION BARS FOR USE AS A FUNCTIONAL FOOD DESIGNED TO PROVIDE SPECIFIC HEALTH BENEFITS, NAMELY, NUTRITIONAL FRUIT AND NUT BASED ENERGY AND SNACK FOOD BARS; FRUIT AND NUT BASED SNACK BARS, IN CLASS 29 (U.S. CL. 46).

FIRST USE 4-27-2009; IN COMMERCE 4-27-2009.

OWNER OF U.S. REG. NOS. 3,047,447, 3,562,517, AND OTHERS.

THE MARK CONSISTS OF THE WORD "POMX", WITH A HEART DESIGN IN PLACE OF THE LETTER "O" IN THE WORD "POM" AND WITH A SUBSCRIPT LETTER "X" CONNEC-TED TO THE LETTER "M" IN THE WORD "POM".

SN 77-674,156, FILED 2-19-2009.

TOBY BULLOFF, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

Int. Cl.: 5

Prior U.S. Cls.: 6, 18, 44, 46, 51, and 52

## United States Patent and Trademark Office

Reg. No. 3,667,882

Registered Aug. 11, 2009

### TRADEMARK
### PRINCIPAL REGISTER

# POMx SHOTS

POMWONDERFUL LLC (DELAWARE LIMITED LIABILITY COMPANY)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: NUTRACEUTICALS, NAMELY, NUTRA-CEUTICALS BEVERAGES FOR USE AS A DIETARY SUPPLEMENT; NUTRITIONALLY FORTIFIED BEVERAGES; NUTRITIONALLY FORTIFIED WATER; VITAMIN ENRICHED WATER, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 4-27-2009; IN COMMERCE 4-27-2009.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,637,053 AND 2,960,193.

SN 78-780,508, FILED 12-23-2005.

GEOFFREY FOSDICK, EXAMINING ATTORNEY

**Int. Cls.: 30 and 32**

**Prior U.S. Cls.: 45, 46 and 48**

**United States Patent and Trademark Office**

Reg. No. 3,208,934
Registered Feb. 13, 2007

## TRADEMARK
### PRINCIPAL REGISTER

# POWERED BY POMx

POMWONDERFUL LLC (DELAWARE LTD LIAB
  CO)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: TEA; PREPARED READY-TO-DRINK TEA; TEA-BASED PREPARATION FOR MAKING BEVERAGES; ICED TEA; TEA-BASED BEVERAGES WITH FRUIT FLAVORING; FRUIT TEA AND BEVERAGES MADE OF TEA, IN CLASS 30 (U.S. CL. 46).

FIRST USE 3-31-2006; IN COMMERCE 3-31-2006.

FOR: NON-ALCOHOLIC FRUIT EXTRACTS USED IN THE PREPARATION OF BEVERAGES; PREPARATIONS FOR MAKING FRUIT DRINKS; FRUIT FLAVORED BEVERAGES; NON-ALCOHOLIC BEVERAGES CONTAINING FRUIT JUICES; SMOOTHIES; BOTTLED DRINKING WATER;

NON-ALCOHOLIC BEVERAGES WITH TEA FLAVOR; LOW CALORIE FRUIT FLAVORED BEVERAGES; LOW CALORIE FRUIT JUICE DRINKS; SPORTS DRINKS; ENERGY DRINKS; LOW CALORIE NON-ALCOHOLIC BEVERAGES WITH TEA FLAVOR, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 3-31-2006; IN COMMERCE 3-31-2006.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 78-867,070, FILED 4-21-2006.

BARBARA A. LOUGHRAN, EXAMINING ATTORNEY

**Int. Cls.: 31 and 32**

**Prior U.S. Cls.: 1, 45, 46, and 48**

**United States Patent and Trademark Office**

Reg. No. 3,436,526

Registered May 27, 2008

## TRADEMARK
### PRINCIPAL REGISTER

# Pomegranate

POMWONDERFUL LLC (DELAWARE LTD LIAB CO)
11444 WEST OLYMPIC BOULEVARD
10TH FLOOR
LOS ANGELES, CA 90064

FOR: FRESH FRUITS, IN CLASS 31 (U.S. CLS. 1 AND 46).

FIRST USE 10-0-2002; IN COMMERCE 10-0-2002.

FOR: FRUIT JUICES AND FRUIT JUICE CON-CENTRATES, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 11-0-2003; IN COMMERCE 11-0-2003.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "POMEGRANATE", APART FROM THE MARK AS SHOWN.

THE MARK CONTAINS A HEART DESIGN IN PLACE OF THE LETTER "O" IN THE WORD "POMEGRANATE".

SN 76-556,753, FILED 10-22-2003.

HOWARD B. LEVINE, EXAMINING ATTORNEY

Int. Cls.: 1, 5, 30, and 32

Prior U.S. Cls.: 1, 5, 6, 10, 18, 26, 44, 45, 46, 48, 51, and 52

## United States Patent and Trademark Office

Reg. No. 3,562,516
Registered Jan. 13, 2009

### TRADEMARK
### PRINCIPAL REGISTER

# POMx

POMWONDERFUL LLC (DELAWARE LIMITED LIABILITY COMPANY)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: BOTANICAL EXTRACTS, INCLUDING POMEGRANATE EXTRACTS, FOR USE IN THE PREPARATION OF PHARMACEUTICAL PRODUCTS AND PREPARATIONS; BOTANICAL EXTRACTS, INCLUDING POMEGRANATE EXTRACTS, FOR USE IN THE PREPARATION OF COSMETIC AND SKIN CARE PRODUCTS, IN CLASS 1 (U.S. CLS. 1, 5, 6, 10, 26 AND 46).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

FOR: DIETARY AND NUTRITIONAL SUPPLEMENTS, INCLUDING ANTIOXIDANT SUPPLEMENTS AND SUPPLEMENTS DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRACEUTICALS FOR USE AS A DIETARY SUPPLEMENT, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRITIONAL ADDITIVES FOR USE IN FOODS, INCLUDING ANTIOXIDANT ADDITIVES AND ADDITIVES DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; ANTI-CANCER PREPARATIONS; PHARMACEUTICAL PRODUCTS AND PREPARATIONS, INCLUDING PREPARATIONS DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT

EXTRACTS, FOR THE TREATMENT OF VIRAL AND INFECTIOUS DISEASES, INCLUDING FOR THE TREATMENT OF CANCER; NUTRITIONALLY FORTIFIED BEVERAGES, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

FOR: POMEGRANATE EXTRACTS FOR USE AS AN INGREDIENT IN FOOD PRODUCTS, IN CLASS 30 (U.S. CL. 46).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

FOR: NON-ALCOHOLIC FRUIT EXTRACTS USED IN THE PREPARATION OF BEVERAGES; POMEGRANATE EXTRACTS FOR USE AS AN INGREDIENT IN BEVERAGES, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 3-6-2006; IN COMMERCE 3-6-2006.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,637,053, 2,960,193, AND OTHERS.

SN 78-664,816, FILED 7-6-2005.

PAUL E. FAHRENKOPF, EXAMINING ATTORNEY

**McGehee, Julie**

| | |
|---|---|
| **From:** | Allayee, Azadeh |
| **Sent:** | Friday, October 11, 2013 10:04 AM |
| **To:** | McGehee, Julie |
| **Cc:** | Pecht, JP |
| **Subject:** | Expert research for Teleflora class action - Paul Farris |
| **Attachments:** | Farris%20VITA%202013.pdf |

Julie, can you do an expert challenge search today on this expert witness (as well as a google search) to see if he's ever been disqualified and what cases he's testified in?

# Exhibit C



























# Exhibit D

Berry-Pom® Premium Fruit Smoothie - Drinks Menu - Dairy Queen
Page 2 of 6



Find a DQ
**Available As**

- Small
- Medium
- Large

Team Berry or Team Pomegranate? It was a tough decision between the innocently sweet blackberry, strawberry and raspberry and the dramatically dark and mysterious pomegranate. So we threw low fat yogurt into the mix to smooth things over. Now they're one big happy family.

*Pomegranate flavored

This incredibly refreshing and invigorating drink is hand blended with real fruit and low fat yogurt, and you can add fresh banana or a protein boost to it. DO NOT, we repeat, DO NOT settle for anything less. You're already a fan? Fantastic.

city/st or zip    Find a DQ
Nutrition Facts Nutrition Facts
Prev

- Berry-Pom Smoothie - Small

**Pg. 62**



{07713

















Berry-Pom* Premium Fruit Smoothie - Drinks Menu - Dairy Queen



FOOD   TREATS   DRINKS   CAKES   FULL MENU   PROMOS                                    FIND A DQ



## Berry-Pom* Premium Fruit Smoothie

**Available As**

- Small
- Medium
- Large

Team Berry or Team Pomegranate? It was a tough decision between the innocently sweet blackberry, strawberry and raspberry and the dramatically dark and mysterious pomegranate. So we threw low fat yogurt into the mix to smooth things over. Now they're one big happy family.
*Pomegranate flavored

This incredibly refreshing and invigorating drink is hand blended with real fruit and low fat yogurt, and you can add fresh banana or a protein boost to it. DO NOT, we repeat, DO NOT settle for anything less. You're already a fan? Fantastic.

Find a DQ

**Nutrition Facts** ▼

Like      Send      You and 2 others

## You Want More, We Got It

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Michael W. Fitzgerald_____ and the assigned

Magistrate Judge is _____Jacqueline Chooljian_____.

The case number on all documents filed with the Court should read as follows:

## 2:13-cv-07555 MWF-JCx

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

October 11, 2013
_____
Date

By  SBOURGEOIS
_____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☒ Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

☐ Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

☐ Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)                    NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____CENTRAL_____ District of _CALIFORNIA_____

| | |
|---|---|
| POM WONDERFUL LLC, a Delaware limited liability company<br><br>_____<br>*Plaintiff(s)*<br>v.<br><br>AMERICAN DAIRY QUEEN CORPORATION, a Delaware corporation; ORANGE JULIUS OF AMERICA, a Delaware corporation; and DOES 1 through 10, inclusive<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.<br>)   CV13-7555 MWF-JC,<br>)<br>)<br>)<br>)<br>) |

## **AMENDED**SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
ORANGE JULIUS OF AMERICA          AMERICAN DAIRY QUEEN CORPORATION
C T Corporation                            CT Corporation
818 W. Seventh St.                          818 W. Seventh St.
Los Angeles, CA  90017                     Los Angeles, CA  90017


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:



If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


CLERK OF COURT

Date:  OCT 1 1 2013    _____
                          *Signature of Clerk or Deputy Clerk*

1184

AO-440

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself [ ] ) | DEFENDANTS ( Check box if you are representing yourself [ ] ) |
|---|---|
| POM WONDERFUL LLC, a Delaware limited liability company | AMERICAN DAIRY QUEEN CORPORATION, a Delaware corporation; ORANGE JULIUS OF AMERICA, a Delaware corporation; and DOES 1 through 10, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) |
|---|---|
| Michael M. Vasseghi (SBN 210737); mvasseghi@roll.com ROLL LAW GROUP P.C. 11444 W. Olympic Blvd. Los Angeles, CA 90064 310-966-8400 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

[ ] 1. U.S. Government Plaintiff

[x] 3. Federal Question (U.S. Government Not a Party)

[ ] 2. U.S. Government Defendant

[ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an X in one box only.)

[x] 1. Original Proceeding

[ ] 2. Removed from State Court

[ ] 3. Remanded from Appellate Court

[ ] 4. Reinstated or Reopened

[ ] 5. Transferred from Another District (Specify)

[ ] 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [x] Yes [ ] No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** [ ] Yes [x] No       [x] **MONEY DEMANDED IN COMPLAINT: $** to be determined at trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Federal Trademark Infringement; Violation of the Lanham Act Sec. 43(a); Unfair Competition under California Business & Professions Code Sec. 1722 et seq.; California Common Law Unfair Competition

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| [ ] 375 False Claims Act | [ ] 110 Insurance | [ ] 240 Torts to Land | [ ] 462 Naturalization Application | **Habeas Corpus:** | [ ] 820 Copyrights |
| [ ] 400 State Reapportionment | [ ] 120 Marine | [ ] 245 Tort Product Liability | [ ] 465 Other Immigration Actions | [ ] 463 Alien Detainee | [ ] 830 Patent |
| [ ] 410 Antitrust | [ ] 130 Miller Act | [ ] 290 All Other Real Property | | [ ] 510 Motions to Vacate Sentence | [x] 840 Trademark |
| [ ] 430 Banks and Banking | [ ] 140 Negotiable Instrument | **TORTS** | **TORTS** | [ ] 530 General | **SOCIAL SECURITY** |
| [ ] 450 Commerce/ICC Rates/Etc. | [ ] 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | [ ] 535 Death Penalty | [ ] 861 HIA (1395ff) |
| [ ] 460 Deportation | | [ ] 310 Airplane | [ ] 370 Other Fraud | **Other:** | [ ] 862 Black Lung (923) |
| [ ] 470 Racketeer Influenced & Corrupt Org. | [ ] 151 Medicare Act | [ ] 315 Airplane Product Liability | [ ] 371 Truth in Lending | [ ] 540 Mandamus/Other | [ ] 863 DIWC/DIWW (405 (g)) |
| [ ] 480 Consumer Credit | [ ] 152 Recovery of Defaulted Student Loan (Excl. Vet.) | [ ] 320 Assault, Libel & Slander | [ ] 380 Other Personal Property Damage | [ ] 550 Civil Rights | [ ] 864 SSID Title XVI |
| [ ] 490 Cable/Sat TV | | [ ] 330 Fed. Employers' Liability | [ ] 385 Property Damage Product Liability | [ ] 555 Prison Condition | [ ] 865 RSI (405 (g)) |
| [ ] 850 Securities/Commodities/Exchange | [ ] 153 Recovery of Overpayment of Vet. Benefits | [ ] 340 Marine | **BANKRUPTCY** | [ ] 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| [ ] 890 Other Statutory Actions | [ ] 160 Stockholders' Suits | [ ] 345 Marine Product Liability | [ ] 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) |
| [ ] 891 Agricultural Acts | [ ] 190 Other Contract | [ ] 350 Motor Vehicle | [ ] 423 Withdrawal 28 USC 157 | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 871 IRS-Third Party 26 USC 7609 |
| [ ] 893 Environmental Matters | [ ] 195 Contract Product Liability | [ ] 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | [ ] 690 Other | |
| [ ] 895 Freedom of Info. Act | [ ] 196 Franchise | [ ] 360 Other Personal Injury | [ ] 440 Other Civil Rights | **LABOR** | |
| [ ] 896 Arbitration | **REAL PROPERTY** | [ ] 362 Personal Injury-Med Malpractice | [ ] 441 Voting | [ ] 710 Fair Labor Standards Act | |
| [ ] 899 Admin. Procedures Act/Review of Appeal of Agency Decision | [ ] 210 Land Condemnation | [ ] 365 Personal Injury-Product Liability | [ ] 442 Employment | [ ] 720 Labor/Mgmt. Relations | |
| | [ ] 220 Foreclosure | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | [ ] 443 Housing/ Accomodations | [ ] 740 Railway Labor Act | |
| [ ] 950 Constitutionality of State Statutes | [ ] 230 Rent Lease & Ejectment | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 445 American with Disabilities-Employment | [ ] 751 Family and Medical Leave Act | |
| | | | [ ] 446 American with Disabilities-Other | [ ] 790 Other Labor Litigation | |
| | | | [ ] 448 Education | [ ] 791 Employee Ret. Inc. Security Act | |

CV13-7555

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   [ x ] NO   [ ] YES

If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   [ x ] NO   [ ] YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   [ ]   A.  Arise from the same or closely related transactions, happenings, or events; or

[ ]   B.  Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]   C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]   D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District: * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District: * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New Castle, Delaware |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District: * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note**: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** *M. Vasseghi*   DATE: October 11, 2013

Michael M. Vasseghi

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended.  Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |